UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Civil Action No. 05-cv-39-HRW

GARLAND WATTS,                                                                           PLAINTIFF,

v.             **MEMORANDUM OPINION AND ORDER**

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for a period of disability, disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits and supplemental security income benefits on November 2, 2001, alleging disability beginning on December 31, 1998, due to gout, back pain, depression and right arm pain (Tr. 20). This application was denied initially and on reconsideration. On November 2, 2001, an administrative hearing was conducted by Administrative Law Judge Judith

1

Showalter (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ is charged with performing the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On February 26, 2003, the ALJ issued her decision finding that Plaintiff was not disabled (Tr. 16-24).

Plaintiff was 59 years old at the time of the hearing decision (Tr. 20). He has an eighth grade education (Tr. 20). His past relevant work experience consists of work as a coal truck driver (Tr. 20).

2

At Step 1 of the sequential analysis, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 24). The ALJ then determined, at Step 2, that Plaintiff suffered from no impairments, which he found to be "severe" within the meaning of the Regulations (Tr. 21-23). Accordingly, the ALJ found Plaintiff not to be disabled at Step 2 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on January 15, 2005 (Tr. 5-7).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 4 and 7] and this matter is ripe for decision.

### III. ANALYSIS

#### A.   Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must

3

affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff contends that (1) the ALJ erred by relying upon a non-examining medical source's opinion which was based upon incomplete evidence and (2) the ALJ should have re-contacted Plaintiff's treating physician, Dr. Lon Lafferty, to determine if additional information was available.

### C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ erred by relying upon a non-examining medical source's opinion which was based upon incomplete evidence. Specifically, Plaintiff argues that the ALJ improperly rejected the opinion of Dr. Michael Lyons, which was not reviewed by the state agency physician.

The Court notes at the outset that Dr. Lyons examined Plaintiff only once. Thus, he is not considered a treating physician under the pertinent regulations, as such, his

4

findings are not entitled to special deference. *See* 20 C.F.R. §§ 404.1527 (d)(2)(I), 404.1527 (d)(2)(ii).

Further, in her decision, the ALJ detailed the reasons she found Dr. Lyon's restrictive view of Plaintiff's functional capacity to be unfounded (Tr. 23). For example, the ALJ noted, "[Dr. Lyons] performed no x-rays, MRI, CT scan or other testing to show that a diagnosis of gouty arthritis or lumbar osteoarthritis is warranted" (Tr. 23). The Court finds that, given the dearth of clinical findings to support his opinion, the ALJ properly gave Dr. Lyon's assessment little weight.

Plaintiff finds error in the fact that the state agency physician, Rita Ratliff, M.D., who performed a consultative orthopedic examination on December 20, 2001, did not have access to Dr. Lyon's findings as Dr. Ratliff's examination preceded that of Dr. Lyons. The Court is not persuaded that Dr. Lyon's opinion was as critical as Plaintiff seems to contend. The ALJ properly gave it little weight. As such, the Court finds that Plaintiff's argument to be without merit.

Plaintiff's second claim of error is that the ALJ should have recontacted one of Plaintiff's treating sources, Dr. Lon Lafferty, to determine if additional information was available.

The regulations provide that when the record is inadequate, the ALJ will recontact the appropriate medical source to determine whether the additional needed information is readily available. 20 C.F.R. §§ 404.912(e).

5

The Court finds that, in this case, ALJ was under no compulsion to re-contact Dr. Lafferty. *See* 20 C.F.R. 404.1512(e). Indeed, the ALJ had a full record before him, which included records from treating sources, an examining physician and a consultative examiner. The Court finds no inadequacy in the record. Moreover, it is clear from her detailed decision that the ALJ carefully considered the findings of various medical sources, treating and otherwise, and formulated the RFC based upon the same.

The Court notes that is the **inadequacy** of the record which triggers the obligation re-contact the physician. However, here, it appears that Plaintiff's dissatisfaction with the ALJ's consideration of Dr. Lafferty's opinion which is driving his claim of error. Yet, Dr. Lafferty's diagnoses are unsupported by x-rays, laboratory testing or other clinical objective findings (Tr. 172-173).

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985). Here, Dr. Lafferty's opinion is not supported by sufficient data.

The Court finds no error in the ALJ's assessment of the evidence. To the contrary, his decision appears to be based upon substantial evidence on the record as a whole.

## III. CONCLUSION

Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 11th day of October, 2005.

HENRY R. WILHOIT, JR.
SENIOR U. S. DISTRICT JUDGE